(No. 76-CC-0884—)

DONNA K. OSTER, a minor, by WARREN CHARLES OSTER, her father and next friend, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 27, 1978.*

BERKSON, GOROV, & LEVIN, LTD., Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

POCH, J.

This is a claim for personal injuries suffered by Donna K. Oster, a minor, while she was a patient at the Elizabeth Ludeman Center, which is operated and maintained by the Respondent, State of Illinois. The claim is brought by her father and next friend, Warren Charles Oster, on her behalf.

The cause was assigned to a Commissioner of the Court for presentation of evidence. The parties entered into certain stipulations wherein documentary evidence, consisting of X-rays, photographs, hospital records and various reports and logs prepared by the employees of the Respondent were admitted into evidence in lieu of oral testimony.

The evidence admitted pursuant to stipulation is summarized as follows: the Ludeman Center houses its patients in small residential units, each accommodating about eight children. During the patients' waking hours two staff members are on duty at each unit. One staff member is on duty at night. The housing unit consists of a family room, dining room, bathrooms and four twin bedrooms, plus a kitchen. As a part of the effort to treat the children as normal individuals, they are allowed free access to all parts of the dwelling unit. As a result of this policy they are not under direct obser-

vation of a staff member at all times of the day. The children are also taken out of the home, under staff supervision, to the snack shop and the playground on the premises of the center.

Each residential unit is cleaned two to three times daily. Staff members are told to see that dangerous items are not left for the patients to pick up.

The Claimant, age ten, was admitted to Ludeman Center in 1974, suffering from severe mental retardation and severe visual loss. The Ludeman Center is maintained by the Respondent to treat such children.

The Claimant's parents were allowed to visit Donna at the center and did so on 11 occasions in 1975 prior to July 31, 1975, when it was discovered by the use of X-rays that she had swallowed two bobby pins which had lodged in her intestine. During the times the Claimant's parents visited her they had the opportunity to take her from the grounds of the center. These visits lasted from one and one-half hours to five hours and fifteen minutes, during which time Donna was in the exclusive custody of her parents. The record does not contain any evidence that her parents took Donna from the grounds during these visitation periods.

On July 31, 1975, X-rays were taken, showing that the Claimant had two bobby pins lodged in her bowel. She was taken to Children's Memorial Hospital where surgery was performed to successfully remove them. The surgeon, Dr. Joseph O. Sherman, would have stated, if called, that it was impossible to determine the date of ingestion, which indicated that they could have been swallowed at any time since the Claimant's last X-ray which had occurred at some time before January 1, 1975.

Subsequent to Claimant's hospitalization due to this incident, the Respondent conducted an investigation to try and determine how the Claimant obtained the bobby pins. The Departmental report, admitted by stipulation, indicated that no staff member allowed Claimant to swallow bobby pins or even obtain them. The staff also took every reasonable step to make sure potentially dangerous items were not available to patients. The supervisor of the home in which Claimant resided, Debbie Corbin, if called, would have stated that the only person she ever observed in the home wearing bobby pins was the Claimant's mother, Mrs. Warren Oster. None of the staff or volunteers working at the home used bobby pins.

The parties also stipulated to the extent of the medical treatment to the Claimant and the cost of such treatment.

In her complaint the Claimant alleges that the Respondent committed several specific acts of negligence. In her brief the Claimant asks that the Court apply the doctrine of res ipsa loquitur to the facts, thus trying to shift the burden of going forward to the Respondent, without proof of specific acts of negligence.

In order for the doctrine of res ipsa loquitur to apply the Claimant must show:

"... 1) the accident must be of a kind which ordinarily does not occur in the absence of somebody's negligence; 2) it must be caused by an agency or instrumentality within the exclusive control of the Defendant; 3) it must not have been due to any voluntary action on the part of the plaintiff." *Karluski v. Board of Trustees of the University of Illinois, 25 Ill.Ct.Cl. 295 at 298 (1966).*

*cf. Wells v. State, 31 Ill.Ct.Cl. 375 and McMahon v. State, 26 Ill.Ct.Cl. 476, 479.*

Applying these rules of law to the instant case

leaves no doubt that the doctrine has no application to these facts. Ingestion of foreign objects by children often occurs in the absence of another's negligence. In addition there is no evidence that the two bobby pins were in the exclusive control of the Respondent. On many occasions the Claimant was in the custody of her mother who was observed wearing bobby pins in her hair. Therefore, the Claimant could have found the bobby pins at any time despite Respondent's actions to keep the premises safe and clean. Lastly, there is no evidence to show any staff member or volunteer used bobby pins. Because the Respondent did not have exclusive control and management over the Claimant or the bobby pins during all the time they could have been ingested this Court finds that as a matter of law, the doctrine of res ipsa loquitur is inapplicable to the facts.

Even without the application of the doctrine of res ipsa loquitur to this case the evidence leaves no doubt that the Claimant has not met her burden of proof in order to be entitled to an award. It is well settled that a Claimant must prove that the State was negligent, that such negligence was the proximate cause of the injury and that the Claimant was in the exercise of due care and caution for his or her own safety. *Simmons v. State, 26 Ill. Ct. Cl. 351, 354 (1968).* The evidence, admitted by stipulation, which has been summarized above shows that the Respondent exercised due care for the Claimant. There is no evidence that the Claimant ever tried to ingest foreign objects on previous occasions. The Respondent was under no notice, therefore under no duty, to take any special precautions to observe the Claimant's behavior. The Court in *Karluski v. Board of Trustees of the University of Illinois, supra, 25 Ill. Ct. Cl. 295 (1966)* said:

"(The) hospital is not an insurer of a patient's safety, but owes the patient the duty of protection, and must exercise such reasonable care as the patient's known condition may require." Id at 298.

"...this rule is limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen." Id at 299.

The evidence shows that the Respondent exercised the amount of care as the Claimant's known condition required. Under the known circumstances no reasonable person would anticipate the Claimant would swallow two bobby pins, especially where no staff member used them and that the premises were maintained as they were. The only way to avoid such injury to those such as Claimant would be to restrict them to constant surveillance and under isolation. This would defeat the purposes of institutional care and do more harm than good. See *Hanvey v. State, 22 Ill. Ct. Cl. 513, 519 (1957)*.

The Respondent was not negligent in the care and supervision of Donna Oster. While it is unfortunate that the Claimant was injured she has not proved by a preponderance of the evidence that the Respondent was guilty of negligence. In the absence of such proof her claim must be denied.

The claim of Donna K. Oster is hereby denied.